## IN THE UNITED DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | NO.: |
| | ) | |
| PATRICK McINERNEY, and | ) | |
| RAYMOND POLAKOSKI | ) | CIVIL ACTION |
| *Individually and Jointly*, | ) | |
| | ) | |
| Defendants | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jane Doe, by and through her attorney, Robert A. Pinel, Esquire, brings the following Civil Action Complaint against the Defendants Patrick McInerney and Raymond Polakoski, and respectfully avers as follows:

1.     Plaintiff, Jane Doe, is an adult individual residing in the Commonwealth of Pennsylvania, and who was a minor at the time of the incident complained of. Plaintiff is using the Jane Doe pseudonym because of the sensitive nature of the incidents complained of herein and the embarrassment and shame caused by the incidents described hereinafter in this Complaint.

2.     Defendant Patrick McInerney is an adult individual and resident of the state of South Carolina, and who was, at all times relevant to this action, a resident of the state of New Jersey, where and when the harms he inflicted upon Plaintiff by Mr. McInerney occurred.

3.     Defendant Raymond Polakoski, is Plaintiff's father and is presently a resident of the Commonwealth of Virginia with an address of 205 Maple Avenue, Halifax, Virginia 24558.  Mr. Polakoski was a resident of the state of New Jersey where and when some the harms he inflicted upon Plaintiff occurred.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on the basis of complete diversity between the parties.  Complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendants resided in the state of New Jersey at the time the harms to Plaintiff were inflicted and because the incidents complained of occurred in the state of New Jersey.

**TIMELINESS**

6.     These claims are timely pursuant to N.J.S.A. § 2A:14-2 which permanently expanded the statute of limitations for sexual assault and which is applicable to Plaintiff's claims because she has not yet reach age 55 and, alternatively, only discovered the abuse as a result of therapy within the past 7 years.

**FACTS**

7.     While living in the town of Sparta, New Jersey, Defendant Polakoski began physically and sexually abusing Plaintiff beginning at the age of five in the year 1976, which consisted of hitting and punching her, yelling and throwing her body, fondling her in her bed, and other sexual acts for his own sexual gratification.

8.     The conduct of Defendant Polakoski continued from 1976 through 1980, at which time Plaintiff was nine years old. This was the age Defendant Polakoski first raped her in the bathroom, then living in the town of Westerville, Ohio.

9.     The family relocated to the town of Littleton Ohio in 1981. Defendant Polakoski continued to physically abuse and rape Plaintiff from age 10 through 16.

2

10.    In the year 1982, the family was visiting the state of New Jersey when Defendant Polakoski "shared" Plaintiff with his friend and business associate Defendant McInerney at McInerney's home office located in Hoboken, New Jersey. During this incident, both men abused Plaintiff, sexually assaulted her, and left her on the floor.

11.    As a direct result of Plaintiff's severe abuse, sexual abuse and traumatization by Defendants, she consistently gravitated to unhealthy relationships, having had two failed marriages, alcohol and drug dependency and depression and anxiety.

12.    Defendants' vile treatment of Plaintiff as a child and young teenager left permanent and lasting psychological and psychiatric effects so significant, to the effect that Plaintiff did not even recall some of the sexual abuse, including that inflicted upon her by Defendant McInerney specifically until the year 2022.

13.    These memories resurfaced as a result of extensive psychological treatment, as is reflected in Plaintiff's medical records.

**COUNT I**

**ASSUALT AND BATTERY**

**JANE DOE**

**v.**

**DEFENDANTS McINERNEY AND POLAKOSKI**

14.    Plaintiff incorporates by reference all foregoing paragraphs, as though same were set forth fully and at length herein.

15.    Plaintiff believes and therefore avers that the Defendants intentionally attempted by force to do an injury to her person; to wit, commit a forcible act of physical violence and sexual gratification upon the Plaintiff without her consent.

16.     Plaintiff believes and therefore avers that the Defendants as set forth heretofore committed battery upon her in a violent and sexual manner without her consent during the period described previously.

17.     As a direct and proximate result and as a substantial factor in the bringing about the injuries to the Plaintiff, the Plaintiff Jane Doe suffered all the injuries and damages set forth heretofore in this Complaint as through same were set forth fully and at length herein.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars and to be proven at hearing or trial, together with punitive damages.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW JERSEY COMMON LAW
**JANE DOE**

vs.

**DEFENDANTS McINERNEY AND POLAKOSKI**

18.     Plaintiff incorporates by reference all foregoing paragraphs, as though same were set forth fully and at length herein.

19.     Defendants conduct towards Plaintiff is regarded as atrocious and utterly intolerable in a civilized society and was undertaken with the express intent to cause physical and psychic harm to Plaintiff.

20.     As a direct and proximate result of the above-described occurrences and as a substantial factor in the bringing about the damages to the Plaintiff has suffered a severe infliction of emotional distress and embarrassment, past, present and future.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars and to be proven at hearing or trial, together with punitive damages.

Respectfully submitted,

Dated: August 28, 2023          By: _____

ROBERT A. PINEL
N.J. Bar I.D. No. 001091999
LAW OFFICES OF ROBERT A. PINEL, LLC
1502 Center Street, Suite 201
Bethlehem, PA 18042
(484) 821-0400
rapinel@pinellaw.com
Attorney(s) for Plaintiff